*1841.*

HOPE
*v.*
BRINCKERHOFF.

---

HOPE and another *v.* BRINCKERHOFF.

---

In a judgment creditor's bill, on judgment obtained in the Supreme Court, it should appear that the defendant resided in the county at the time when and to which the *fi. fa.* was issued.

---

JUDGMENT creditor's bill. Demurrer interposed on the ground that the bill did not show the defendant resided in the county of Kings at the time the execution was taken out.

    The bill, after the averment of the issue of a *fi. fa.* out of the Supreme Court, added : " that being the same county in which the defendant resides."

*January 5,*
*1841.*

*Pleading.*
*Debtor and*
*creditor.*
*Fi. fa.*

*Defendant*, in *pro. per.* referred to *Reed* v. *Wheaton*, 7 Paige, 663 ; and MS. case before the Chancellor of *Gaylord* v. *Hendrickson*.

Mr. *Sears*, for the complainants.

THE VICE-CHANCELLOR :—The cases cited settle the point conclusively, that it is not sufficient to aver, as in this instance, a residence at the time of swearing to the bill. It must show affirmatively that the defendant resided in the county to which the *fi. fa.* issued (out of the Supreme Court) at the time it was so issued.

    Demurrer allowed, with costs ; but let the complainant have leave to amend the bill on payment of costs.